UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANNIE R. MACK                                          CIVIL ACTION

VERSUS                                                 NO. 04-3461

GLOBALSANTAFE DRILLING COMPANY                         SECTION "S" (2)


## ORDER AND REASONS ON MOTION

Defendant, GlobalSantaFe Drilling Company, filed a Motion to Quash Subpoena and for Protective Order concerning plaintiff's attempt to depose defendant's investigator, Edward Ulicsni, and to require him to produce at his deposition "all documents evidencing, reflecting or in any way relating to any activities of and/or work performed by or on behalf of [Ulicsni] relating in any way to" the instant litigation. Record Doc. No. 58; Defendant's Exh. 2, subpoena duces tecum. Plaintiff, Annie R. Mack, filed a timely opposition memorandum. Record Doc. No. 62.

The court deferred ruling on the motion and ordered GlobalSantaFe to submit to Mack and the court a privilege log as required by Fed. R. Civ. P. 45(d)(2) and 26(b)(5).

GlobalSantaFe was also ordered to submit the documents to the court for in camera review, and Mack was granted leave to file a supplemental memorandum in opposition to defendant's motion after she received the privilege log.  Record Doc. No. 63.

In response to my order deferring ruling on defendant's motion to quash, GlobalSantaFe produced for my in camera review the entire file of its investigator so that I may determine whether the materials are protected under Fed. R. Civ. P. 26(b)(3) and, if so, whether Mack has made the showing required to discover these materials.  Based on my in camera review of this file and considering the applicable law, I conclude that defendant's motion to quash and for protective order should be **GRANTED IN PART AND DENIED IN PART** as follows.

I.      Insufficiency of Service of Process

Defendant's motion is DENIED to the extent it seeks to quash the subpoena of Ulicsni based on insufficient service of process.  The service dispute is petty.  To the extent that I order Ulicsni's deposition and/or document production to proceed, this is a court order.  IT IS ORDERED that defense counsel must personally serve this order on its employee, Ulicsni, and assure his attendance at any deposition, on a date and time to be agreed upon by counsel, in response to a Rule 30 notice, without the necessity of further process.

II.      The Work Product Doctrine and Attorney-Client Privilege

The privilege log that GlobalSantaFe has submitted is inadequate.  "The purpose of the privilege log is to provide the parties and the court adequate information to determine whether a document is privileged. . . .  Typically, a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document."  In re Papst Licensing, GmbH Patent Litig., No. CIV. A. MDL 1298, 2001 WL 1135268, at *2 (E.D. La. Sept. 19, 2001) (Sear, J.) (citing Securities & Exch. Comm'n v. Thrasher, No. 92 CIV 6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996) (citing United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996)).

GlobalSantaFe's log does not identify any document by author, recipient(s) or date and does not offer any meaningful description of a document's contents.  The log refers to persons merely by categorizations such as "attorney," "client" or "witness."  Thus, Mack is in no better position either to contest or acknowledge the validity of defendant's assertions of work product protection than she was before the privilege log was produced. The court has been forced to ascertain who are the clients, the attorneys, the paralegals and the witnesses through its own reading of the subject documents.  The court has assumed, although GlobalSantaFe has not specifically said so, that all of the handwritten

notes in the file, which appear to be in a single person's handwriting, were written by Ulicsni.

GlobalSantaFe's attempt to conceal the identities of potential witnesses contacted or researched during its investigation will ultimately fail, as plaintiff may discover this relevant factual information through interrogatories or deposition questions. This concealment in the privilege log has only increased the burden on the court by depriving the parties of the opportunity, as mandated by Fed. R. Civ. P. 26(b)(5) and Local Rule 37.1E, to resolve and narrow as many issues as possible in a discovery dispute before presenting it to the court.

Moreover, the documents themselves are not Bates-stamped or otherwise labeled so that the parties and the court can even discuss them by any easy reference. Fortunately, counsel for Mack retyped the privilege log and sequentially numbered each document in the same order and with the same descriptions that GlobalSantaFe listed the documents. Privilege Log, attached to plaintiff's supplemental memorandum, Record Doc. No. 63. The court has used these numbers to identify the documents.

Finally, GlobalSantaFe for the first time in this court asserts the attorney-client privilege as to some of the withheld documents by making that objection on its privilege log. Neither party has briefed the issue of attorney-client privilege. Arguably GlobalSantaFe waived the privilege by failing to assert it earlier. Nonetheless, given the

importance of the privilege, the court is reluctant to find any such waiver and will consider defendant's assertion of the attorney-client privilege as to those documents.

Despite the deficiencies in the privilege log, the court has reviewed the documents that GlobalSantaFe produced for in camera review and is able to rule on defendant's motion to quash based on the work product doctrine and attorney-client privilege.

A decision on defendant's motion to quash turns in large part on Fed. R. Civ. P. 26(b)(3). If GlobalSantaFe carries its burden to show that the Ulicsni documents were created in anticipation of litigation or for trial, then the documents are protected from disclosure, unless Mack meets her burden to establish that she has substantial need of the materials in the preparation of her case and that she cannot without undue hardship obtain the substantial equivalent of the materials by other means.

Rule 26(b)(3) provides as follows:

[A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).

GlobalSantaFe, as the party seeking protection, bears the burden to show that the documents are work product, i.e., that they were prepared or created in anticipation of litigation.  Guzzino v. Felterman, 174 F.R.D. 59, 63 (W.D. La. 1997) (Tynes, M.J.) (citing Hodges, Grant & Kaufmann v. United States, 768 F.2d 719, 721 (5th Cir. 1985)).

It is not dispositive that Ulicsni is not an attorney.  Rule 26(b)(3) protects from discovery documents prepared by a party's agent, as long as they are prepared in anticipation of litigation or for trial.  As the Supreme Court explained:

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.  But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system.  One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial.  It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

United States v. Nobles, 422 U.S. 225, 238-39 (1975) (emphasis added).

In the instant case, GlobalSantaFe has not submitted any affidavits or other evidence to establish that the primary motivating purpose behind creation of the withheld documents was to aid in future or existing litigation.  Nonetheless, my review of the documents makes it clear that Ulicsni is an agent of defendant's counsel who investigated plaintiff's claim.

First, GlobalSantaFe states in its motion papers that Ulicsni is an investigator and an employee of Fowler, Rodriguez & Chalos, the law firm that represents defendant. Record Doc. No. 58.  Plaintiff does not dispute that relationship and assumes in her motion papers that it is correct.  Record Doc. No. 62.

Second, the documents reveal that Ulicsni identified himself to potential witnesses in recorded interviews as an investigator for the law firm that is defending GlobalSantaFe in Mack's lawsuit and stated that he was seeking background information in connection with that lawsuit.  See, e.g., Document Nos. 25, 39, 48, 50, 51.  Finally, Document No. 133 consists of several forms entitled "Fowler, Rodriguez & Chalos--Expenses Charged to Clients Reimbursement Form," which document travel and other expenses reimbursed to Ulicsni by the law firm.

Furthermore, my review of the documents makes it clear that almost all of the documents were created or obtained by GlobalSantaFe or its agents after the instant lawsuit was filed and that they were prepared in anticipation of litigation or for trial. They therefore qualify as work product and Mack must make the dual showing required by Fed. R. Civ. P. 26(b)(3) to obtain them.

There are some exceptions among the documents that are not work product because they were not prepared in anticipation of litigation or for trial by or for GlobalSantaFe or its representative, nor are they protected by the attorney-client

-7-

privilege.  Document No. 27 is a copy of an opposition memorandum filed by plaintiff in the instant case.  I see no handwritten notations on this document, as asserted in defendant's privilege log, and it is therefore not work product.  Nonetheless, there is no reason to produce this copy of her own pleading to plaintiff.

Document Nos. 35, 37, 42, 43, 44, 124, the first two pages of 129, and 130 are public records or documents created by public agencies.  Document No. 116 is a transmittal letter to a County Clerk, sending a check in payment for some copies of public records.  The third page of Document No. 129 and Document No. 131 are invoices from other County Clerks for copies.  Document No. 127 consists of internet-generated maps.  GlobalSantaFe and Ulicsni must produce these documents in response to Mack's subpoena.

Defendant also objects to producing Document Nos. 132 and 133, which are a payroll receipt for Ulicsni and reimbursement forms for expenses incurred during his investigation, on the grounds of relevance.  This objection is sustained.

"It is clear that [the] work product [doctrine] only protects 'documents and tangible things' produced by or for an attorney preparing for litigation and that it does not protect the disclosure of underlying relevant facts."  Blockbuster Entertainment v. McComb Video, 145 F.R.D. 402, 403-04 (M.D. La. 1992) (Riedlinger, M.J.) (citation omitted); accord Freeport-McMoran Sulphur, LLC v. Mike Millen Energy Equip. Resource, Inc.,

No. 03-1496, 2004 WL 1299042, at *5 (E.D. La. June 3, 2004) (Roby, M.J.) (citing

Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981)); Southern Scrap Material Co.

v. Fleming, No. 01-2554, 2003 WL 21474516, at *14 (E.D. La. June 18, 2003) (Knowles,

M.J.) (citing Upjohn Co., 449 U.S. at 395-96); 8 C.A. Wright, A.R. Miller & R.L.

Marcus, Federal Practice and Procedure § 2024, at 337 (2d ed. 1994) (hereinafter "Wright

& Miller").

"Accordingly, information that is merely factual may not be withheld under the

umbrella of work product but must be available, if not through the production of

otherwise protectible documents, then through interrogatories or depositions." Allen v.

Chicago Transit Auth., 198 F.R.D. 495, 499 (N.D. Ill. 2001) (citing Wright & Miller,

§ 2023, at 194).  Thus, Rule 26(b)(3) does not protect from disclosure the facts contained

in or leading up to the creation of the documents.

The work product doctrine does not prohibit Mack from deposing Ulicsni

concerning factual information that he knows, regardless of how he gained that

knowledge.  See Protective Nat. Ins. Co. v. Commonwealth Ins. Co., 137 F.R.D. 267,

279-80 (D. Neb. 1989) (citing In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977))

("[W]here a document may be insulated from discovery because of the work product

doctrine, the facts contained therein must be disclosed in response to a properly worded

interrogatory or deposition question.").

Accordingly, defendant's motion to quash and for protective order is DENIED to the extent it seeks to prohibit Mack from deposing Ulicsni concerning relevant facts that he knows, even if the source of those facts was an attorney or a potential witness whom he interviewed.

However, a document that is protected by the work product doctrine does not lose that protection merely because it contains discoverable factual information. High Tech Communications, Inc. v. Panasonic Co., No. 94-1477, 1995 WL 45847, at *6 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing In re International Sys. & Control Corp. Secs. Litig., 693 F.2d 1235, 1240 (5th Cir. 1982)).  But the rule requires the party seeking the factual information to try to obtain it through alternate means before trying to pierce the work product protection.  If unable to garner the information through interrogatories or depositions, the discovering party may then be in a position to show that it cannot obtain the substantial equivalent of the information without undue hardship. In re International Sys. & Control Corp., 693 F.2d at 1240 -41; Southern Scrap Mat'l Co. v. Fleming, No. 01-2554, 2003 WL 21474516, at *9 (E.D. La. June 18, 2003) (Knowles, M.J.); High Tech Communications, Inc., 1995 WL 45847, at *6.

Furthermore, "not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product.  Were the doctrine to sweep so massively, the exception would hungrily

swallow up the rule."   <u>In re San Juan Dupont Plaza Hotel Fire Litig.</u>, 859 F.2d 1007,

1015 (1st Cir. 1988) (citation omitted); <u>see also</u> <u>Piatkowski v. Abdon Callais Offshore,</u>

<u>L.L.C.</u>, No. 99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000) (Roby, M.J.)

(work product doctrine "is not an umbrella that shades all materials prepared by a lawyer,

or agent of the client.").

At this point, I note that plaintiff's argument in support of her alleged substantial

need for defendant's work product is meritless.   Mack argues that she needs Ulicsni's file

and deposition testimony to "prove damages to Ms. Mack as a result of <u>his</u> actions."

Plaintiff's Supplemental Memorandum, Record Doc. No. 66, at p.4 (emphasis added).

Mack alleges that Ulicsni has undertaken a campaign, at defendant's direction, to

discredit her in her community, which has caused her to suffer

> emotional pain, distress and further trauma.  Plaintiff should be entitled to
> Mr. Ulicsni's file to support damages in this regard.  Plaintiff contends that
> Mr. Ulicsni's file is discoverable because <u>Mr. Ulicsni's actions constitute</u>
> <u>an element of Plaintiff's damages</u> to be proved at trial and Plaintiff cannot
> obtain the substantial equivalent of his file by other means.  Plaintiff has
> subpoenaed his records and set his deposition regarding his personal
> knowledge of the facts in this case based upon <u>his personal experience with</u>
> <u>regard to defaming</u> Ms. Mack.

<u>Id.</u> at pp. 4-5 (emphasis added).   Plaintiff contends that, because Ulicsni "has taken

affirmative actions to <u>defame</u> Ms. Mack's character . . . to benefit his client, . . . [h]is

actions are now at issue in this litigation as an element of" her claim for damages against

GlobalSantaFe.  Id. at p.5 (emphasis added).  She argues that GlobalSantaFe has waived

work product protection of Ulicsni's file by placing his conduct at issue in this litigation.

The fundamental flaw in this argument is that there is no such claim of defamation

against GlobalSantaFe or Ulicsni in Mack's complaint.  In the absence of a showing of

"good cause," discovery may be conducted only concerning any matter relevant to a

claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  Ulicsni's alleged defamatory

statements, which occurred long after the alleged rape on board defendant's vessel upon

which plaintiff's complaint is based, are not an element of the damages Mack seeks in

this case and are not relevant to any claim asserted in the complaint.  Under these

circumstances, plaintiff has not met her burden under Fed. R. Civ. P. 26(b)(3) to show

substantial need for defendant's work product and undue hardship in obtaining equivalent

materials by other means to overcome the presumptive prohibition of discovery of such

materials.

Defendant's objection that certain of the documents are protected by the attorney-

client privilege is sustained.  Document Nos. 65, 73, 74, 79-81, 83-84, 93 and 95-96 are

correspondence between GlobalSantaFe and Ulicsni and/or defense counsel and are

"communications made in confidence by a client to his lawyer [or from the lawyer to his

client] for the purpose of obtaining legal advice."  Hodges, Grant & Kaufman v. United

States, 768 F.2d 719, 720-21 (5th Cir. 1985).  Plaintiff may not obtain these documents.

-12-

Accordingly, IT IS ORDERED that defendant's motion is DENIED IN PART and that it must produce Document Nos. 35, 37, 42, 43, 44, 116, 124, 127, 129, 130 and 131 pursuant to the subpoena duces tecum issued to Ulicsni.  IT IS FURTHER ORDERED that defendant's motion is DENIED IN PART and that Mack may depose Ulicsni concerning his knowledge of the facts of this case, including the names of potential witnesses and other facts uncovered by his investigation or told to him by potential witnesses.  Defendant retains the right to object to deposition questions whose answers would disclose mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.  The motion is GRANTED as to the remainder of the materials I have reviewed in camera.  No sanctions will be imposed on either party.

New Orleans, Louisiana, this 11th day of April, 2006.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE